IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TITUS WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, LANCASTER COUNTY JAIL, and WILLIAM GORACKE,<br><br>Defendants. | 8:22CV438<br><br>MEMORANDUM AND ORDER |

Plaintiff Titus Williams ("Williams") filed a pro se Complaint on November 30, 2022, Filing No. 1, and a motion to appoint counsel, Filing No. 10. Williams was granted leave to proceed in forma pauperis on January 4, 2023. Filing No. 7.

The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e) and, for the reasons set forth below, finds that it is, but that in lieu of dismissal, the Court sua sponte grants Williams leave to amend. Regarding the motion to appoint counsel, it shall be denied without prejudice to reassertion.

### I. Motion to Appoint Counsel

Williams seeks appointment of counsel arguing that appointment is appropriate as he has been unable to afford private counsel, that due to his incarceration and his lack of legal knowledge he has limited ability to litigate this matter, that the issues in this case

are complex, involve important matters of inmate hygiene, and that a trial would likely involve conflicting testimony, and that counsel would better enable Williams to present evidence and cross examine witnesses. Filing No. 10. "There is no constitutional or statutory right to appointed counsel in civil cases." Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, Chambers v. Pennycook, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." Recca v. Omaha Police Dep't, No. 20-2560, 2021 WL 2285235, at *1 (8th Cir. 2021) (citing Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. As such, Williams' motion for appointment of counsel shall be denied without prejudice to reassertion.

## II. Initial Review

On initial review, the Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may

be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Liberally construed, Williams alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

The subject matter of this case arises from allegations of Eighth Amendment violations relating to the classification of inmates as non-indigent when they have "as little as $0.31" in available funds, resulting in denials of basic housing, food, clothes, and hygiene by Defendants the State of Nebraska, Lancaster County Jail, and Sergeant William Goracke. Filing No. 1 at 1–5. The Complaint currently before this Court, however, was originally filed as a joint action by three plaintiffs including Williams in Case No. 8:22-CV-409 (the "Prior Case"), before Williams separated from the other plaintiffs and filed

this individual action.[1] Of note and particularly relevant here, the instant Complaint has not been substantively amended since its initial filing in the Prior Case. *Compare* Filing No. 1, Case No. 8:22-CV-409 *with* Filing No. 1. As such, while the Complaint contains factual allegations such as, for example, "I had a sore on my foot that may have been caused by poor hygiene," *see e.g.* Filing No. 1 at 3., because the Complaint was drafted to address the complaints of three plaintiffs, it is impossible for this Court to discern if the "I" mentioned is Williams or one of the other former plaintiffs.

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

As the Complaint is replete with "I" factual allegations that could relate to any of the three individual plaintiffs in the Prior Case and does not contain any allegations which directly relate to Williams, the Court is unable to ascertain any connection between Williams and the allegations made, nor can it be determined how or when the alleged incidents at issue took place, or any detail of the resulting harm. Put another way, the Court is unable to determine which of the named defendants were involved in any of William's claims because the alleged violations are not connected specifically to Williams.

---

[1] Following an Order by the Court allowing each plaintiff to elect to proceed individually in Case No. 8:22-CV-409, *see* Filing No. 7, Williams elected to separate his claims from the other plaintiffs and proceed individually in the instant case, *see* Filing No. 12. Upon Williams' election, the Clerk's office was instructed to open a new case for Williams, and amongst other things, to file a copy of the complaint from Case No. 8:22-CV-409 as the Complaint in instant case. Filing No.16, case No. 8:22-CV-409.

As such, Williams' Complaint fails to state a claim upon which relief may be granted against any defendant and is subject to preservice dismissal under 28 U.S.C. § 1915A. On the Court's own motion, Williams will be given 30 days in which to file an amended complaint that states a plausible claim for relief against any or all defendants, and clearly explains what each defendant did to him, when defendants did it, and how defendants' actions harmed him. Williams is advised that any amended complaint he files will supersede the original Complaint.

IT IS THEREFORE ORDERED that:

1. The motion to appoint counsel, Filing No. 10, is denied without prejudice to reassertion.

2. Williams shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim or claims upon which relief may be granted against any or all defendants in accordance with this Memorandum and Order. If Williams fails to file an amended complaint, this matter will be dismissed without further notice.

3. The Court reserves the right to conduct further review of Williams' claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

3. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **July 3, 2023:** Check for amended complaint.

Dated this 1st day of June, 2023.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Court

5