IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TITUS WILLIAMS,<br><br>                Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, LANCASTER COUNTY JAIL, and WILLIAM GORACKE,<br><br>                Defendants. | **8:22CV438**<br><br>**MEMORANDUM AND ORDER** |

      Plaintiff Titus Williams ("Williams"), along with several other inmates, filed a pro se complaint on November 30, 2022 (the "Multi-Plaintiff Complaint").[1] Filing No. 1. Williams was granted leave to proceed in forma pauperis on January 4, 2023. Filing No. 7. The Multi-Party Complaint was originally filed as a joint action by three plaintiffs, of which Williams was one, in Case No. 8:22-CV-409 (the "Prior Case"), before Williams separated from the other plaintiffs and the Multi-Plaintiff Complaint filed in the Prior Case was filed into this individual action.[2]

      This Court conducted an initial review of the Multi-Plaintiff Complaint under 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e), finding it required amendment in order for Williams to proceed because the Multi-Plaintiff Complaint was filed as a joint complaint containing factual allegations which were not specific enough for this Court to determine

---

[1] Williams was a pretrial detainee at the time the Complaint was filed.

[2] Following an Order by the Court allowing each plaintiff to elect to proceed individually in the Prior Case *see* Filing No. 7, Williams elected to separate his claims from the other plaintiffs' and proceed individually in the instant case, *see* Filing No. 12. Upon Williams' election, the Clerk's office was instructed to open a new case for Williams and, amongst other things, to file a copy of the complaint from the Prior Case as the Initial Complaint in the instant case. *See* Filing No.16.

which allegations related to Williams (the "Initial Review"). Filing No. 13. Specifically, the Court was unable to ascertain any connection between Williams and the allegations made in the Multi-Plaintiff Complaint, how or when the alleged incidents at issue took place, or any detail of the resulting harm. *Id.* at 4. The Court explained that amendment of Williams' claims was needed in order to proceed and that the filing of an amended complaint would supersede and replace the Multi-Plaintiff Complaint. *Id.* at 5.

In response to the Initial Review of the Multi-Plaintiff Complaint, Williams filed a "motion to amend complaint." Filing No. 17. This Court construes the motion as a supplement to the Multi-Plaintiff Complaint as opposed to an amendment (the "Supplement"), as it is clear from the lack of named defendants and reference to the allegations in the Multi-Plaintiff Complaint that Plaintiff did not intend the Supplement to supersede the Multi-Plaintiff Complaint. *See* Filing No. 17.

The Court now conducts an initial review of the Multi-Plaintiff Complaint and Supplement,[3] finding it remains deficient and that summary dismissal is appropriate. However, in lieu of dismissal this Court shall again allow Williams to file an amended complaint[4] in accordance with this Memorandum and Order.

## I. SUMMARY OF COMPLAINT

The subject matter of this case arises from allegations of constitutional violations relating to the classification of inmates at the Lancaster County Jail as non-indigent when

---

[3] In its initial review of the Muti-Plaintiff Complaint this Court reserved the right to conduct further review of Williams' claims in his amended complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

[4] An amended complaint replaces the prior pleadings whereas a supplement is considered in addition to the prior pleadings. As such, if Plaintiff elects to file an amended complaint, he is filing what is in effect a "new" complaint and upon further review this Court will no longer consider the previously filed Multi-Plaintiff Complaint or Supplement. To the extent Plaintiff seeks to file an amended complaint he shall be provided a form complaint along with this Memorandum and Order which he may use if he so chooses.

they have "as little as $0.31" in available funds, resulting in denials of basic housing, food, clothes, and hygiene by Defendants the State of Nebraska, Lancaster County Jail, and Sergeant William Goracke ("Goracke"). Filing No. 1 at 1–5. Specifically, the Multi-Plaintiff Complaint contains allegations that Goracke denied (and instructed other officers to deny) Williams access to essential hygiene items such as soap and toothpaste because he lacked the ability to pay for them. Id. at 5. In his Supplement Plaintiff alleges his skin "broke out" with bumps and a rash and he has acquired multiple cavities and other decay in his teeth due to the denial of hygiene items including soap and toothpaste, causing him pain which has not gotten any better as of the time the Supplement was filed. Filing No. 17.

The relief sought in the Multi-Plaintiff Complaint consists of monetary damages and an injunction to stop what the plaintiffs deemed an unconstitutional and illegal jail policy. Filing No. 1 at 5.

## II. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569–70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," Topchian v. J.P. Morgan Chase Bank, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell, 550 U.S. at 569-70; see also Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

The Multi-Plaintiff Complaint named the State of Nebraska, the Lancaster County Jail, and Goracke as defendants, and alleged they had unconstitutionally denied them

4

hygiene supplies. Filing No. 1 at 2–3. The State of Nebraska[5] and the Lancaster County Jail,[6] however, are not proper defendants. Any claim Williams intended to bring against the State of Nebraska and the Lancaster County Jail must be dismissed with prejudice.

This Court construes Williams' claim relating to the denial of hygiene supplies as a conditions of confinement claim, which for pretrial detainees such as Williams was at the time the allegations in the Multi-Plaintiff Complaint occurred, is analyzed under the Fourteenth Amendment "punishment" standard as opposed to the deliberate indifference standard for Eighth Amendment conditions of confinement claims applicable to post-trial confinement. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902 (8th Cir. 2020). However, any Fourteenth Amendment claim Williams intended to allege fails as this Court still cannot link the allegations relating to the denials of hygiene supplies to any proper defendant.

In the Eighth Circuit, repeated deprivations of adequate hygiene supplies have been held to satisfy a constitutional claim as such long-term refusals result in a denial of "the minimal civilized measure of life's necessities." *Thomas-El v. Francis*, 99 F.4th 1115, 1117 (8th Cir. 2024); *see also Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). For

---

[5] A state, its agencies and instrumentalities, and its employees in their official capacities generally are not considered "persons" as that term is used in § 1983, and are not suable under the statute, regardless of the forum where the suit is maintained. See *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991); *see also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official capacities are not subject to suit under § 1983). In addition, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and state employees sued in their official capacities. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Therefore, Plaintiff's claims against the State of Nebraska cannot proceed and also must be dismissed with prejudice.

[6] "[C]ounty jails are [also] not legal entities amenable to suit." *Richmond v. Minnesota*, No. CIV. 14-3566 PJS/JSM, 2014 WL 5464814, at *3 (D. Minn. Oct. 27, 2014) (citing *Owens v. Scott Cnty. Jail,* 328 F.3d 1026, 1027 (8th Cir.2003) (per curiam)). Therefore, Plaintiff's claims against the Lancaster County Jail cannot proceed and also must be dismissed with prejudice.

5

example, allegations that an inmate was without funds to purchase toothpaste, and that he made repeated unsuccessful requests for almost five months for toothpaste, resulting in complaints of tooth pain and a suspected cavity, was sufficient to satisfy the objective prong of a deliberate indifference claim. *Thomas-El*, 99 F.4th at 1117.

In the Multi-Plaintiff Complaint, the plaintiffs named officer Goracke as a defendant, who is a county employee of Lancaster County Jail, in his official and individual capacity, alleging that Goracke specifically refused give hygiene supplies to inmates and instructed other officers to do the same "since March 31, 2022." Filing No. 1 at 4. In his Supplement Williams alleges that the denial of access to soap and toothpaste resulted in skin rashes and cavities/tooth decay that continue to cause him ongoing pain. Filing No. 17. It is unclear from Williams' Supplement if Goracke specifically denied Williams hygiene supplies, if one of the other officers did, of if Goracke and other officers issued the denials, how frequently the denials occurred, and when (if ever) Williams obtained such supplies. This is so, as pointed out in the Initial Review of the Multi-Plaintiff Complaint, due to the joint nature of the Multi-Plaintiff Complaint (and its apparent drafting by one of the other former joint-plaintiffs), and this Court cannot affirmatively connect Williams' claims to Goracke or any other institutional official. *See* Filing No. 13 at 4.

While summary dismissal is appropriate here, on the Court's own motion, Williams shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against Goracke and/or any other prison official who allegedly denied him access to soap, toothpaste, or other personal hygiene materials. Williams should be mindful to clearly identify what Goracke, or any other

potential defendant did to him, including when, where and how frequently the denials occurred, and how the denials harmed him.

The Multi-Party Complaint also is brought against defendant Goracke in his official capacity. Filing No. 1 at 3. As an initial matter, where claims are made against an individual defendant in his official capacity such claims are construed as filed against the defendant's employing entity. Elder-Keep v. Aksamit, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); Parrish v. Luckie, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. Here, as Goracke is employed by the Lancaster County Jail, Williams' official capacity claim against Goracke should be made against Lancaster County.

While a municipality like Lancaster County can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort," Monell v. Department of Social Services, 436 U.S. 658, 691 (1978), to the extent Williams intends to proceed with his official capacity claim he needs to file an amended complaint adequately pleading his Fourteenth Amendment claim against Lancaster County by naming Lancaster County as a defendant.

Moreover, to prevail on a municipal liability claim a plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. Corwin v. City of Independence, 829 F.3d 695, 699 (8th Cir. 2016). And a plaintiff must establish that his or her constitutional rights were violated by an "action pursuant to official municipal policy or misconduct so pervasive among non-policymaking employees of the municipality as to

constitute a custom or usage with the force of law." *Kuha v. City of Minnetonka*, 365 F.3d 590, 603 (8th Cir. 2003) (cleaned up); *see also Turney v. Waterbury*, 375 F.3d 756, 761–62 (8th Cir. 2004).

An "[o]fficial policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). As Williams does not allege that Goracke (or any other unnamed jail officer) has final authority to establish the policy of refusing inmates access to soap and toothpaste when they cannot pay for it on behalf of Lancaster County, it does not appear an official policy claim can proceed.

However, a plaintiff may alternatively establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation." *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014)).

Presuming Williams files an amended complaint to provide the requisite information to support his Fourteenth Amendment claim against Goracke or any other Lancaster County Jail officials, meeting the constitutional violation element, his claim is

still deficient as pleaded as Williams does not indicate any attempt to notify Lancaster County officials of the alleged misconduct. Therefore, liberally construing the Complaint and Supplement, Williams "need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage," *Villarreal*, 2021 WL 2444276, at *4 (internal quotation marks and citation omitted). Williams is given leave to amend to allege sufficient facts to state a plausible claim against Lancaster County.

IT IS THEREFORE ORDERED that:

1. Williams shall have until **October 25, 2024**, to file an amended complaint which will take the place of the Multi-Plaintiff Complaint and his Supplement before this Court, that clearly states a claim or claims upon which relief may be granted against Goracke, Lancaster County, and/or any other defendants Williams adds in accordance with this Memorandum and Order. If Williams fails to file an amended complaint this matter will be dismissed without further notice.

2. The Court reserves the right to conduct further review of Williams' claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint or second supplement.

3. If Williams seeks additional time to comply with this Memorandum and Order he must file a motion to extend time to respond on or before the October 25, 2024, deadline.

4.  The Clerk's Office is directed to send to Plaintiff the Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner),[7] a copy of the Multi-Plaintiff Complaint, Filing No. 1, and the Supplement, Filing No. 17.

5.  The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **October 25, 2024:** Check for amended complaint.

Dated this 25th day of September, 2024.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Court

---

[7] As previously noted, Williams may elect to utilize this form if he decides to file an amended complaint, but is not required to do so.